UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | MDL No. 2592 |
| | SECTION L |
| THIS DOCUMENT RELATES TO: | JUDGE ELDON E. FALLON |
| *Joseph J. Boudreaux, Jr. v. Janssen Research & Development, et al.*, Case No. 2:15-cv-2720 | MAGISTRATE NORTH |

## STIPULATION and ORDER

NOW INTO COURT, through undersigned counsel, come Plaintiffs Joseph J. Boudreaux, Jr. and Loretta Boudreaux (collectively "Boudreaux Plaintiffs"), and Defendants, Bayer HealthCare Pharmaceuticals Inc. and Bayer Pharma AG and Janssen Pharmaceuticals, Inc., Janssen Research & Development, LLC, and Janssen Ortho LLC, who stipulate as follows:

I.

The Boudreaux Plaintiffs dismiss with prejudice defendants Janssen Ortho LLC; Bayer Healthcare LLC; Bayer Corporation; Bayer AG; and Bayer Healthcare AG (collectively "Dismissed Defendants").

II.

For the purposes of trial, Defendants Bayer Healthcare Pharmaceuticals Inc., Bayer Pharma AG, Janssen Pharmaceuticals, Inc., and Janssen Research & Development, LLC (collectively "Remaining Defendants") are deemed "manufacturers" within the meaning of the Louisiana Products Liability Act, La. Rev. Stat. Ann. §2800.53(1) (West 2017) ; and no Remaining

1

Defendant shall assert that a Dismissed Defendant is a necessary or proper Defendant for the purposes of trial.

III.

Except as provided in Paragraphs I and II and in the Stipulation and Order dated February 6, 2017 (Doc. No. 5340), all claims and defenses are preserved and not waived.

IV.

This Stipulation and Order is not intended to expand or limit the admissibility of evidence at trial. The Parties agree that a document will not be considered admissible or inadmissible solely because it was produced by a Dismissed Defendant. The Parties retain their respective rights to seek or oppose evidence concerning the reputation of corporate entities affiliated with the Remaining Defendants; any such proposed evidence will not be considered admissible or inadmissible solely because it relates to a Dismissed Defendant.

V.

The verdict form proposed by the parties for trial purposes shall not ask the jury to determine liability, causation, damages or allocation of fault with respect to any individual Remaining Defendant, but shall instead ask the jury to make such determinations with respect to the product Xarelto or the Defendants collectively, as appropriate. The sequence of the proposed verdict form questions and the exact wording of the questions will be addressed at a later time.

VI.

All Remaining Defendants will be answerable, *in solido*, if a judgment is rendered in favor of the Boudreaux Plaintiffs. All Remaining Defendants will be entitled to the benefit of any judgment rendered in favor of the Defendants.

VII.

All jury instructions, to the greatest extent possible, shall refer to the product Xarelto or to the "Defendants" collectively rather than an individual Defendant entity.

VIII.

This Stipulation and Order is not intended to expand or limit the ability of any Remaining Defendant's right to participate in the trial (open, close, examine witnesses, etc.)

IX.

This Stipulation and Order relates solely to the lawsuit filed by the Boudreaux Plaintiffs and shall have no effect on any other lawsuit unless a stipulation is reached by the parties in that other lawsuit. The provisions of this Stipulation and Order shall not bind the parties or have any res judicata, collateral estoppel or precedential effect in any other lawsuit. The Plaintiffs' Steering Committee and Defendants preserve and do not waive rights in any other lawsuit.

**IT IS ORDERED**.

NEW ORLEANS, LOUISIANA, this 4th day of April, 2017.

_____
**HONORABLE ELDON E. FALLON**
**UNITED STATES DISTRICT JUDGE**